FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 14, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA GARCIA,<br><br>      Plaintiff,<br><br> v.<br><br>WALMART, INC. d/b/a WALMART #2269; WAL-MART ASSOCIATES, INC.; "DOE(S) 1-100" employees of WALMART, INC. AND/OR WALMART STORE #2269; and "CORPORATION(S) XYZ 1-100,"<br>      Defendants. | No. 1:23-CV-03116-MKD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION WITH MODIFICATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>**ECF Nos. 7, 18** |

Before the Court is a Report and Recommendation, ECF No. 18. Defendants Walmart Inc. d/b/a/ Walmart #2269 and Wal-Mart Associates, Inc. (hereinafter, "Defendants")[1] have moved to dismiss Plaintiff's claims for retaliation pursuant to 42 U.S.C. § 1981 (Claim 3), negligent supervision (Claim

---

[1] Although the Complaint lists other Defendants, the two movants are the only Defendants who have appeared in this case to date.

ORDER - 1

5), intentional infliction of emotional distress (Claim 7), and negligent infliction of emotional distress (Claim 8) with prejudice under Fed. R. Civ. P. 12(b)(6). ECF No. 7. The magistrate judge recommends that the Court grant Defendants' Motion to Dismiss on all four of the challenged claims with prejudice. ECF No. 18. Plaintiff only objects to the recommended dismissal of Claim 5 and requests in the alternative that the Court grant her leave to amend Claim 5 or dismiss Claim 5 without prejudice. ECF No. 19.

## LEGAL STANDARD

28 U.S.C. § 636 requires the district judge to "review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Vargas v. Evergreen Pro. Recoveries Inc.*, No. C21-926, 2023 WL 2967317, at *1 (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition ("[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

## DISCUSSION

**A. Claims 3, 7, and 8**

The Plaintiff does not object to the recommended dismissal of Claims 3, 7, and 8 with prejudice. The Court finds there is no clear error, adopts the Report and Recommendation on these claims, and dismisses Claims 3, 7, and 8 with prejudice.

ORDER - 2

### B. Claim 5

The Court concurs with the Report and Recommendation's conclusion that Plaintiff has failed to state a plausible claim for negligent supervision sufficient to survive under Rule 12(b)(6).

There are four elements in a Washington negligent supervision claim:

> (1) an employee of the defendant acted outside the scope of her employment,
> (2) the employee presented a risk of harm to others,
> (3) the employer knew or should have known in the exercise of reasonable care that the employee posed a risk to others, and
> (4) the employer's failure to supervise the employee was the proximate cause of the plaintiff's harm.

*McDaniels v. Group Health Co-op.*, 57 F. Supp. 3d 1300, 1317 (W.D. Wash. 2014) (citing *Briggs v. Nova Servs.*, 147 P.3d 616, 622 (Wash. Ct. App. 2006)).  The tort of negligent supervision is not a cognizable claim when an employee acts within the scope of her employment.  *Richards v. Healthcare Res. Grp., Inc.*, 131 F. Supp. 3d 1063, 1076 (E.D. Wash. 2015).

As the magistrate judge observed, the Complaint alleges that "Defendants, at all times therein, acted within the scope of their employment."  ECF No. 18 at 3 (citing ECF No. 1 at 2-3 ¶ 5).[2]  The Complaint contains no other allegations

---

[2] The Complaint further alleges that "Defendants 'Doe(s) 1-100'" and "Defendants 'Corporation(s) XYZ 1-100' […] in doing the things complained of herein, were

ORDER - 3

regarding the first element of a negligent supervision claim.  Plaintiff claims in her response Escobar acted outside the scope of her employment by terminating Plaintiff for a fraudulent reason.  ECF No. 12 at 6-8.  Plaintiff did not plead this theory in the Complaint.  The Court concurs with the magistrate judge's conclusion that Plaintiff has failed to state a claim upon which relief can be granted, as to Claim 5.

The Court next considers Plaintiff's request for leave to amend.  Fed. R. Civ. P. 15(a)(2) provides that a court should freely grant leave to amend the pleadings when justice so requires.  "Amendments to pleadings are 'applied with extreme liberality.'"  *Key Tronic Corp. v. SkyBell Techs., Inc.*, No. 23-CV-237, 2023 WL 8634781, at *1 (E.D. Wash. Dec. 13, 2023) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  Courts consider five factors when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) previous amendments, and (5) futility of the amendment.  *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).  "[T]he court must grant all inferences in favor of allowing amendment."  *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

---

acting within the course and scope of their employment."  ECF No. 1 at 2 ¶ 3-4.

ORDER - 4

The *Davis* factors do not clearly weigh against amendment here. There is no evidence of bad faith. Plaintiff asked for leave to amend in her first responsive pleading, at a relatively early stage of the case, so there is no indication of undue delay. Defendants do not contend that they will suffer prejudice if the Court permits amendment. Plaintiff has not previously amended the Complaint. Defendants do contend that amendment would be futile because it would require Plaintiff "to make new allegations wholly inconsistent with the original complaint." ECF No. 20 at 5-6. However, the Court notes that Paragraph 3 through 5 of the Complaint states that "[e]ach Defendant" "Defendant Does 1-100" and "Defendant Corporations X, Y, Z 1-100" were acting within the scope of their employment; the Court observes that Escobar has not been named as a defendant. ECF No. 1 at 2-3 ¶ 5. The other allegations in the Complaint do not so clearly negate the elements of a wrongful supervision claim to prevent amendment. *See McDaniels*, 57 F. Supp. 3d at 1317. As such, it is not clear that amendment of Claim 5 would be futile. The Court must grant all inferences in favor of amendment. *See Griggs*, 170 F.3d at 880. The Court therefore grants Plaintiff's request for leave to amend.

Accordingly, **IT IS ORDERED:**

1. The Court **ADOPTS in part** and **MODIFIES in part the** Report and Recommendation, **ECF No. 18**.

ORDER - 5

**2.** Defendants' Motion to Dismiss, **ECF No. 7**, is **GRANTED in part** and **DENIED in part**.

    **a.** Claims 3, 7, and 8 are **DISMISSED with prejudice**.

    **b.** Claim 5 is **DISMISSED without prejudice.**

    **c.** Plaintiff shall file any amended complaint to replead her negligent supervision claim **by no later than February 22, 2024.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED February 14, 2024.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 6