FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 14, 2024

SEAN F. McAVOY, CLERK

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA GARCIA, | No.  1:23-CV-03116-MKD |
| Plaintiff, | ORDER GRANTING STIPULATED PROTECTIVE ORDER |
| v. | **ECF No. 27** |
| WALMART, INC. d/b/a WALMART #2269; WAL-MART ASSOCIATES, INC.; "DOE(S) 1-100" employees of WALMART, INC. AND/OR WALMART STORE #2269; and "CORPORATION(S) XYZ 1-100," Defendants. | |

Before the Court is the parties' Stipulated Protective Order, ECF No. 27. The Court finds good cause under Fed. R. Civ. P. 26(c) to issue an order to prevent certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or undue burden or expense.

Accordingly, **IT IS ORDERED:**

1. The parties' Stipulated Protective Order, **ECF No. 27**, is **GRANTED**.

ORDER - 1

# PROTECTIVE ORDER

The parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Protective Order:

1.    This Order shall govern the disclosure of materials designated as Confidential Material in this litigation.  Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material.  Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production.

## Definitions of Confidential Material

2.    Confidential Material, as used in this Order, consists of the following materials and categories of materials:

    a.    Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal,  or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and any applicable case law interpreting Fed. R. Civ. P. 26(c)(1)(G); non-public

compilations of retail prices; proprietary information; vendor

agreements; personnel files; policies and procedures not disseminated

to Defendant's employees; medical records and bills; bank account

information; private social media information; and Plaintiff's tax and

financial records shall be deemed Confidential.

b. Materials containing corporate trade secrets, nonpublic research and

development data, including, but not limited to, cost data, pricing

formulas, inventory management programs, and other sales or

business information not known to the public; information obtained

from a non-party pursuant to a non-disclosure agreement; and

customer-related Protected Data shall be deemed Confidential –

Attorneys' Eyes Only.

c. Protected Data shall refer to any information that a party believes in

good faith to be subject to federal, state or foreign data protection

laws or other privacy obligations.  Examples of such data protection

laws include but are not limited to The Gramm-Leach-Bliley Act, 15

U.S.C. § 6801 et seq. (financial information); and The Health

Insurance Portability and Accountability Act and the regulations

thereunder, 45 CFR Part 160 and Subparts A and E of Part 164

(medical information).  Certain Protected Data may compel

ORDER - 3

1    alternative or additional protections beyond those afforded

2    Confidential – Attorneys' Eyes Only material, in which event the

3    parties shall meet and confer in good faith, and, if unsuccessful, shall

4    move the Court for appropriate relief.

5  The parties shall not designate as confidential information that is already public

6  knowledge.

7        3.    The parties agree that such Confidential Material as described in

8  paragraph 2 should be given the protection of an order of this Court to prevent

9  injury through disclosure to persons other than those persons involved in the

10  prosecution or defense of this litigation.

11          **Procedure for Designating Information as Confidential**

12        4.    To designate information as confidential, the producing party shall

13  mark Confidential Material with the legend "CONFIDENTIAL" or

14  "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Parties shall submit

15  confidential discovery responses, such as answers to interrogatories or answers to

16  requests for admissions, in a separate document stamped with the appropriate

17  legend designating those responses as Confidential Material.  The Receiving Party

18  may make copies of Confidential Material and such copies shall become subject to

19  the same protections as the Confidential Material from which those copies were

20  made.

ORDER - 4

a. Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-

ORDER - 5

business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

5.    A producing party may change the confidentiality designation of materials it has produced, as follows: (1) The producing party must give the receiving parties notice of the change by identifying the documents or information at issue.  Once notice is given, the receiving party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation.  (2)  Within a reasonable period after giving notice, the producing party must reproduce the documents or information in a format that contains the new designation.  (3) If such information has been disclosed to persons not qualified pursuant to paragraphs 12-13 below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the material is Confidential; and (c) give the producing party written assurance that steps (a) and (b) have been completed.

**Data Security**

6.      The Parties agree to provide adequate security to protect data produced by the other party(ies) or by non-parties.  This includes secure data storage systems, established security policies, and security training for employees, contractors and experts.  Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises.  At a minimum, any receiving party subject to the terms of this Protective Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

**Clawback Provisions**

7.      The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

8.      This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738.  In the event of any subsequent conflict of law, the law that is most

ORDER - 7

protective of privilege and work product shall apply.

9.     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.     If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

11.     A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request").  After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose.  If a party contends that privileged or work-product protected material has been erroneously designated as such or that the privilege has been waived for reason(s)

other than inadvertent production, the party will nevertheless return the material and all copies of the material to the party asserting the privilege.  The parties shall meet and confer regarding any clawback request.  The parties reserve the right to contest any determination that a document is privileged or is otherwise protected from disclosure.

### Who May Receive Confidential Information

12.    *Confidential Material.*  Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, authors, originators, or original recipients of the Confidential Material, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action.

13.    *Confidential—Attorneys' Eyes Only Material.*  Material and information designated as "Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this action.

ORDER - 9

14.    *Restriction on Disclosure to Direct Competitors.*  Notwithstanding the

foregoing, Confidential Material shall not be disclosed to any current or former

employees of, or current or former consultants, advisors, or agents of, a direct

competitor of any party named in the litigation.  If a Receiving Party is in doubt

about whether a particular entity is a direct competitor of a party named in this

lawsuit, then before disclosing any Confidential Material to a current or former

employee, consultant, advisor, or agent of that entity, the Receiving Party's

counsel must confer with counsel for the Producing Party.

15.    *Persons Receiving Confidential Information Must Sign Exhibit A.*

Counsel for each party shall advise all persons to whom Confidential Material is

disclosed pursuant to this Order of the existence of this Order and shall provide all

such persons (other than the Court and its staff) with a copy of this Order. Counsel

shall also require such persons to execute the Affidavit attached as ***Exhibit A***, prior

to the disclosure of Confidential Material.

16.    *Duties in the Event of Unauthorized Disclosures.*  It shall be the

obligation of counsel, upon learning of any unauthorized disclosure or threatened

unauthorized disclosure of Confidential Information, or any other breach or

threatened breach of the provisions of this Order, to promptly notify counsel for

the Producing Party.  The notification shall be supplemented with reasonable

details of the circumstances of the disclosure in order to permit the producing party

to understand and take appropriate steps.  Each party and its counsel agree to take

reasonable and good-faith efforts to contain or limit any breach promptly upon

receiving notice of it, and to make reasonable and good-faith attempts to retrieve

any unauthorized disclosure of documents or information.  This provision does not

limit the producing party's entitlement to damages resulting from any breach of

this Order.

## Authorized Uses of Confidential Material

17.     Confidential Material shall only be used for the purpose of litigating

the above-captioned lawsuit and may not be used in other lawsuits.

18.     Persons having knowledge of Confidential Material and information

due to their participation in the conduct of this litigation shall use such knowledge

and information only as permitted herein, and shall not disclose such Confidential

Material, their contents or any portion or summary thereof to any person(s) not

involved in the conduct of this litigation.

19.     If any person having access to the Confidential Material herein shall

violate this Order, he/she may be subject to sanctions by the Court and may be

liable to pay for the damages caused by his/her violation.

## Challenges to the Designation of Confidential Material

20.     Any party or interested member of the public may move the Court to

modify the designation of any documents or information produced in this litigation

1    (either to include additional protection with respect to confidentiality or to remove

2    a confidential designation).  Before making such a motion, the party challenging

3    the Confidential designation shall notify the party who designated the material as

4    Confidential Material in writing and provide the designating party seven (7)

5    calendar days in which to consider the challenge.  The parties agree that, during

6    that period, they will make a good faith effort to resolve any disputes concerning

7    the treatment of the Confidential Material.  Pending resolution of any challenges to

8    the designation of documents or information, the material at issue shall continue to

9    be treated as Confidential Material until ordered otherwise by the Court.  The

10    burden shall be on the party seeking to modify the designation to show that the

11    producing party's designation is inappropriate.

### Withholding of Information

13    21.    *Non-relevant Attachments*.  The parties will not produce non-relevant

14    attachments that are attached to relevant emails.  When an attachment is withheld,

15    either for privilege or non-responsiveness, the producing party shall produce a one-

16    page TIFF image (or PDF if production format dictates) in place of the withheld

17    attachment, correspondingly stating "Attachment Withheld-Privileged" or

18    "Attachment Withheld-Nonresponsive," and bearing a sequential BATES number

19    within the family BATES range.  If any attachment to an email contains responsive

20    content, then the cover email shall be produced for context, regardless of the cover

email's responsiveness.  The cover email may be redacted in part to remove

sensitive information, as described below.

22.  *Redactions*.  The parties may redact (1) information that is privileged

or protected from discovery as work product or by reason of any other applicable

privilege or immunity; (2) information subject to non-disclosure obligations

imposed by governmental authorities, law or regulation (*e.g.*, protected personal

information); and (3) sensitive, non-relevant information, including but not limited

to personally identifiable information (including social security numbers; driver's

license numbers; identification numbers; month and date of birth; emergency

contact information; banking and financial information; benefits elections; and any

other such information for any dependents identified in a personnel file), trade

secrets, or information regarding products, data, or people.  Privilege redactions

will state, over the redacted portion, "Redacted–Privileged," and all other

redactions will state, "Redacted–[reason for redaction]."  Redactions of emails will

not redact the names of recipients or the subject line of the emails, unless the

subject line is itself privileged or contains the sensitive information described

above, in which case only so much of the subject line will be redacted as may be

needed.  The parties will produce redacted documents in TIFF format (or

searchable PDF if production format dictates; or in native format for file types that

do not convert well to TIFF/PDF, such as Excel files) with corresponding

searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.

### Confidential Material in Filings, Hearings, and Trial

23. *Confidential Material in Filings.*  Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a party may not file Confidential Material in the public record in this action (or in any other action, such as an appeal).  A party that seeks to file under seal any Confidential Material must comply with any and all local rules and procedures for the Eastern District of Washington.  Confidential Material may only be filed under seal in a manner prescribed by the Court for such filings.

24. *Manner of Sealing.*  In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court or as described in paragraph (23) above, they shall be filed in an envelope bearing the following designation when deposited:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THE COURT REGARDING CONFIDENTIAL MATERIALS, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THOSE ATTORNEYS.

ORDER - 14

If the Court permits electronic filing of Confidential Materials under seal, the parties may file Confidential Material under seal electronically pursuant to the Court's instructions.

25.    *Confidential Material in Hearings and Trial.*  The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action.  Prior to using Confidential Material or the information contained therein at any pre-trial hearing that is open to the public, the party seeking to use the Confidential Material must give at least seven (7) days advance notice to the producing party of the intent to use the Confidential Material so that the producing party may seek an appropriate Court Order to protect the Confidential Material.

In the event this case goes to trial, upon receipt of the witness and exhibit list, the parties will meet and confer in an effort to reach agreement on the appropriate handling of trial exhibits that contain Confidential Material.  If the party who designated the material as Confidential Material seeks to have Confidential Material sealed at trial, the party who designated the material as Confidential Material shall file a motion no later than 10 days before trial to have such documents treated as "under seal."

## **Continuing Effect of This Order and Duty to Destroy**

26.     This Order shall continue to be binding throughout and after the

conclusion of this litigation, including all appeals.  The confidentiality obligations

imposed by this Protective Order shall remain in effect until a designating party

agrees otherwise in writing or a court orders otherwise.  Within thirty (30) days of

settlement or final adjudication, including the expiration or exhaustion of all rights

to appeal or petitions for extraordinary writs, each party or non-party to whom any

Confidential Materials were produced <u>shall</u>, without further request or direction

from the Producing Party, promptly <u>destroy all</u> Confidential Material, including

documents, items or data received including, but not limited to, copies or

summaries thereof, in the possession or control of any expert or employee.

Notwithstanding this provision, counsel are entitled to retain an archival copy of all

filings, documents, depositions, and deposition exhibits.

## **Procedure If Confidential Material Is Required to Be Produced**

27.     If any person receiving documents covered by this Order is served

with a subpoena, order, interrogatory, or document or civil investigative demand

(collectively, a "Demand") issued in any other action, investigation, or proceeding,

and such Demand seeks material that was produced or designated as Confidential

Material by someone other than the Receiving Party, the Receiving Party shall give

prompt written notice by hand or electronic transmission within five (5) business

ORDER - 16

days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order.  At the request of the party or non-party who produced or designated the material as Confidential Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as Confidential Material.  The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material.  Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

### **Application of This Order to Productions by Third Parties**

28.    This Order may be used by third parties producing documents in connection with this action.  Third parties may designate information as Confidential or Confidential – Attorneys' Eyes Only.

29.    If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material.  In that case, it

will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Material after the parties confer.

30.     In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

31.     The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

32.     This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

### **Modification**

33.     This Protective Order may be modified by the parties agreeing in writing to a modification of the provisions and such modification is approved by this Court, or upon either party's successful application to the Court for modification.

ORDER - 18

1

**Remedies**

2       34.     The parties expressly acknowledge and agree that all remedies under

3   Fed. R. Civ. P.  37 will be available to the Court, in its discretion, to sanction any

4   violation of this Order.

5

**Retention of Jurisdiction**

6       35.     The parties agree that this Court has and retains jurisdiction during

7   this action to resolve matters relating to this Protective Order.

8       **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

9   Order and provide copies to the parties.

10      DATED March 14, 2024.

11                          _s/Mary K. Dimke_
                          MARY K. DIMKE
12                   UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

ORDER - 19

# **EXHIBIT A TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA GARCIA, | No. 1:23-cv-03116-MKD |
| Plaintiff, | |
| v. | |
| WALMART, INC., *et al.*, | |
| Defendants. | |

## **AFFIDAVIT OF COMPLIANCE WITH PROTECTIVE ORDER**

1.  My name is _____.  I live at _____

_____.  I am working on behalf (or at the direction and engagement)

of _____.

2.  I am aware that a Protective Order has been entered in the above-

captioned lawsuit.  A copy of this Protective Order has been given to me, and I

have read and understand the provisions of same.

3.  I acknowledge that documents and information designated as confidential

and/or confidential – attorneys' eyes only pursuant to such Protective Order

("Confidential Materials") are being disclosed to me only upon the conditions that

I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with

that Order. I hereby agree to abide by such Order, subject to all penalties

ORDER - 20

prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given confidential treatment under the Protective Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of the above-captioned matter. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Protective Order may subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Protective Order.

    4.  I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

    5.  Within 30 days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy all Confidential Materials in my possession.

DATED: _____, 20_____         _____
                                      Signature

                                      _____
                                      Printed Name

**Page 2**
**Exhibit A, Affidavit of Compliance with Protective Order**

ORDER - 21