FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 20, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA GARCIA,<br><br>                              Plaintiff,<br><br>     v.<br><br>WALMART, INC. d/b/a WALMART #2269; WAL-MART ASSOCIATES, INC.; "DOE(S) 1-100" employees of WALMART, INC. AND/OR WALMART STORE #2269; and "CORPORATION(S) XYZ 1-100,"<br>                              Defendants. | No. 1:23-CV-03116-MKD<br><br>ORDER REGARDING DISCOVERY DISPUTE<br><br>**ECF Nos. 36, 37** |

On August 14, 2024, the Court conducted a hearing on discovery disputes that have arisen in this matter.  ECF No. 38.  Ada Wong appeared on behalf of Plaintiff.  Stephan Kendall appeared on behalf of Defendants Walmart Inc. d/b/a Walmart # 2269 and Wal-Mart Associates, Inc. (hereinafter "Defendants").[1]  The following summarizes and supplements the Court's oral rulings.

---

[1] No other Defendant has appeared in this matter to date.

ORDER - 1

Accordingly, **IT IS HEREBY ORDERED:**

1.      **Plaintiff's Interrogatory No. 1:** Defendants' counsel shall produce the outstanding employee contact information requested by this interrogatory *unless* defense counsel files a notice confirming that Defendants' counsel is authorized to accept service on behalf of these employees for any matters related to this case.

      a.  Defendants' counsel shall produce this contact information or file the above-described notice **by no later than August 30, 2024.**

      b.  If Defendants' counsel's authorization to accept service on behalf of any such employee is later terminated, defense counsel shall: (i) notify Plaintiff's counsel; (ii) produce the requested contact information for that employee to Plaintiff's counsel; and (iii) file a notice of the termination of authorization to accept service **within 7 days** of the date the termination occurs.

2.      **Plaintiff's Interrogatory No. 2:** Defendants' counsel shall conduct a further search for the outstanding employee phone number and email address. **By no later than September 19, 2024,** Defendants' counsel shall either:

      a.  produce this information to Plaintiff's counsel; or

      b.  provide written confirmation to Plaintiff's counsel that this information is not in Defendants' possession.

ORDER - 2

3.      **Plaintiff's Interrogatory No. 4:** At the hearing, Plaintiff's counsel clarified that for the purposes of this interrogatory, "human resources duties" refers only to high-level human resources positions in the store where Plaintiff worked. **By no later than September 19, 2024,** Defendants' counsel shall (a) respond to the interrogatory in light of this clarification, by providing the requested information regarding high-level human resources employees responsible for investigating sexual harassment reports; and (2) provide Plaintiff a written summary of the types of managerial positions, and the number of individuals employed in each type of position, that have responsibility for handling leave/paid time off requests.

4.      **Plaintiff's Interrogatory No. 5:** At the hearing, Plaintiff's counsel clarified that for the purposes of this interrogatory, "communications . . . regarding the matters alleged in [the] Amended Complaint" are communications concerning Plaintiff's reports of sexual harassment, investigations into the reported sexual harassment, and Plaintiff's termination.  **By no later than September 19, 2024,** Defendants' counsel shall respond to the interrogatory in light of this clarification.

5.      **Plaintiff's Interrogatory No. 6:** Defendants' counsel shall respond to this interrogatory **by no later than September 19, 2024**.

ORDER - 3

6.      **Plaintiff's Interrogatory No. 7:** Defendants' counsel shall respond to this interrogatory **by no later than September 19, 2024,** by providing the value associated with each of the occurrences responsive to this interrogatory.

7.      **Plaintiff's Interrogatory No. 9:** Plaintiff's counsel shall narrow the scope of this interrogatory consistent with the Court's parameters set forth at the hearing, and Defendants' counsel shall respond **within 30 days** after the date Plaintiff's counsel sends Defendants' counsel the narrowed interrogatory. If a dispute remains after this interrogatory is narrowed, counsel shall meet and confer, then reraise the dispute with the Court if necessary.

8.      **Plaintiff's Interrogatory No. 11:** Plaintiff's counsel shall narrow the scope of this interrogatory to categories of employees who are similarly situated to Plaintiff, and Defendants' counsel shall respond **within 30 days** after the date Plaintiff's counsel sends Defendants' counsel the narrowed interrogatory. If a dispute remains after this interrogatory is narrowed, counsel shall meet and confer, then reraise the dispute with the Court if necessary.

9.      **Plaintiff's Interrogatory No. 13:** Defendants' counsel shall confirm whether they have provided Plaintiff's counsel with the Bates range of the documents responsive to this interrogatory and, if not, provide that information to Plaintiff's counsel **by no later than August 30, 2024**.

ORDER - 4

10. **Plaintiff's Interrogatory No. 14:** At the hearing, counsel agreed to narrow the timeframe for this interrogatory to the last ten (10) years of Supervisor Escobar's period of employment by Defendants. **By no later than September 19, 2024,** Defendants' counsel shall respond to the interrogatory in light of this agreement.

11. **Plaintiff's Interrogatory Nos. 15-16:** Plaintiff's counsel shall review Defendants' response to determine whether Defendants have provided the Bates range of the documents responsive to this interrogatory and notify Defendants' counsel whether any further response is required. If a dispute remains, counsel shall meet and confer, then reraise the dispute with the Court if necessary.

12. **Plaintiff's Request for Production No. 2:** Defendants' counsel shall produce all responsive records from the last five (5) years **by no later than September 19, 2024**.

13. **Plaintiff's Request for Production No. 3:** Defendants' counsel shall produce all responsive records from the last five (5) years **by no later than September 19, 2024**.

14. **Plaintiff's Request for Production No. 4:** Plaintiff's counsel shall narrow the scope of this request for production based on the relevant subject matter of the requested trainings, materials, handbooks, etc., and Defendants' counsel shall respond **within 30 days** after the date Plaintiff's counsel sends Defendants'

ORDER - 5

counsel the narrowed interrogatory.  If a dispute remains after this request is narrowed, counsel shall meet and confer, then reraise the dispute with the Court if necessary.

15.    **Plaintiff's Request for Production No. 11:** Counsel shall meet and confer on appropriate parameters to narrow the scope of this request for production, and Defendants' counsel shall respond **within 30 days** after the date Plaintiff's counsel sends Defendants' counsel the narrowed interrogatory.  If a dispute remains after this request is narrowed, counsel may reraise the dispute with the Court if necessary.

16.    **Plaintiff's Request for Production No. 15:** At the hearing, Defendants' counsel stated that the documents referenced in Defendants' initial disclosures were described in broad terms applicable to most of the discovery in this case.  The Court has reviewed the copy of the initial disclosures submitted by Plaintiff's counsel and agrees with Defendants' counsel's characterization.

   a. If Plaintiff's counsel believes there are materials described by these initial disclosures that Defendants have not produced in response to other discovery requests, counsel shall meet and confer, then reraise the dispute with the Court if necessary.

17.    **Plaintiff's Request for Production No. 17:** At the hearing, Defendants' counsel indicated Defendants have produced all non-electronically

ORDER - 6

stored information ("ESI") responsive to this request. Defendants' counsel also indicated Defendants are withdrawing the objections to five keywords relating to case numbers,[2] having determined that these objections were mistaken.

    a. The parties state they will continue to meet and confer on the appropriate search terms and custodians for Defendants' production of responsive ESI. If a dispute remains after this request is narrowed, counsel may reraise the dispute with the Court if necessary.

18. **Documents Referenced in Defendants' Bates nos. 1179-85, 1124-38, 1137:** Defendants' counsel shall produce these documents **by no later than August 30, 2024.**

19. The Court reminds counsel for the parties of their obligations under Local Civil Rule (LCivR) 83.1 (Civility) and Washington Rule of Professional Conduct 3.4 (Fairness to Opposing Party), with particular reference to Washington Rule of Professional Conduct 3.4(d).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to the parties.

---

[2] These five keywords are listed at ECF No. 36 at 4.

ORDER - 7

DATED August 20, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 8