# EXHIBIT E

## TO PLAINTIFF'S BRIEF RE: DEFENDANTS' OUTSTANDING DISCOVERY

# AKW LAW

## A LITIGATION FIRM

**Ada K. Wong,** Managing Partner
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Direct: (206) 886-7886
E-mail: ada@akw-law.com

September 18, 2024

*Sent via E-mail to: cbelnavis@fisherphillips.com; smscott@fisherphillips.com;
skendall@fisherphillips.com; cmcclintock@fisherphillips.com*

Clarence M. Belnavis
Stephen M. Scott
Stephan L. Kendall
FISHER & PHILLIPS, LLP
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101

> **RE:** *Andrea Garcia v. Walmart, Inc., et al.*
> **Eastern District of Washington | Case No. 1:23-cv-03116-MKD**
> **Defendants' Deficient Discovery Responses** *– RECAP*

Dear Mr. Kendall:

Thank you for your time today to meet and confer.    This letter serves to summarize our conference as I understand it.  If there are any misunderstandings, please advise in writing immediately as that is not my intention.  Unless otherwise noted, all references for are both Defendants.

## Requests for Admission

**No. 6:** I stated that Defendant has not actually provided a true response specific to this request, which is specific to Supervisor Kristina Escobar and Plaintiff Andrea Garcia.  We continue to ask that you supplement with an actual admission or denial.  You stated that there could be different circumstances depending on the reason for termination.  I explained that it's undisputed that Ms. Garcia was fired by Ms. Escobar.  As such, we are asking Defendant to admit or deny a simple fact – whether Ms. Escobar had the power to fire Ms. Garcia.  You stated you will review the policy and talk to people and let me know in writing your final position before 9/26/24.

## Interrogatory

**No. 9:** I stated that Defendant's 9/13/24 supplement answer is incomplete.  You confirmed you will supplement with a complete response no later than 9/24/24.

Stephen Kendall, *et al.*
***RE: Defendants' Deficient Discovery Responses – RECAP***
September 18, 2024
Page 2 of 3

## Personnel File Information

**Martin, Jones, Hernandez and Decker:** I explained that to the extent that any of them separated their employment with Walmart, this is reasonably likely to lead to the discovery of admissible evidence. Should any of them have resigned in lieu of being fired for similar reasons is also important. We have no idea whether any of them separated for cause or without cause, and if without cause, what prompted the separation. It could have been a violation of Walmart's policies or something unrelated, but we have no idea. Their job descriptions, position titles, and dates are also reasonably likely to lead to the discovery of admissible evidence and well within the scope of discovery allowed by the rules. We have some of their position titles, so it is unclear why Defendants refuse to produce documents reflecting their titles and duties and responsibilities. Plaintiff also has a claim of negligent supervision and hiring and failure to train. As such, the requested documents are relevant to this cause of action. Further, it is unclear whether you are producing any investigation materials for these individuals. We maintain these are relevant and reasonably likely to lead to the discovery of admissible evidence. Defendant's supplement answer to Interrogatory No. 9 identifies an investigation related to Jandi Jones.

You stated that the discipline should include investigations so you will produce. You agreed to provide the information related to separation and reason. As for job descriptions, position titles, and dates, you will produce but only from May 2021. You will produce by 9/24/24.

**Emily Gonzales:** I stated her separation of employment and any coaching, discipline, performance review, attendance, occurrences, and investigation are highly relevant. We believe she was in violation of the same policy Walmart terminated Plaintiff for, yet Ms. Gonzales was not terminated. Her job description is relevant to show her position title and whether she was in the same or similar position as Plaintiff.

You stated that all of the documents you were able to locate related to her were produced, which includes discipline and investigation, if any. You will confirm if you have produced her job description and position title.

**Tamara Tom:** I stated her separation of employment and any coaching, discipline, performance review, attendance, occurrences, and investigation are highly relevant. Tom was fired shortly after Plaintiff made her reports, which undeniably relate to Ms. Tom. To the extent that Ms. Tom was fired in retaliation for the reports, this is highly relevant.

You stated that you are not aware of whether she has been terminated, but assuming she is, you will aim to produce the requested information by 9/24/24. If you are unable to produce the actual documents, you will at least advise as to whether she is separated and reason for separation by 9/24/24.

Stephen Kendall, *et al.*
***RE: Defendants' Deficient Discovery Responses – RECAP***
September 18, 2024
Page 3 of 3

## **Rule 30(b)(6) Deposition Topics**

We conferred on some of the topics and will resume our conference on 10/14/24 at 11 am.

Sincerely,

**AKW LAW**, P.C.

**Ada K. Wong**
Managing Partner