Ada K. Wong, WSBA #45936
Rolf Gardner Toren, WSBA #58597
AKW LAW, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel.: (206) 259-1259
Attorneys for Plaintiff Garcia

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

ANDREA GARCIA,

        Plaintiff,

v.

WALMART, INC. d/b/a WALMART #2269, *et al.*,

        Defendants.

Case No. 1:23-CV-03116-MKD

**PLAINTIFF'S BRIEF RE: DEFENDANTS' OUTSTANDING DISCOVERY**

This matter comes before the Court on the Court's Order Setting Discovery Dispute Briefing Deadline. ECF No. 54.

**Discovery at Issue**

The discovery at issue pertains to Defendant Bates 2639. In Bates 2639, Defendant produced an Excel chart documenting employees at Plaintiff's location, from 2019 to present, who accumulated more than five "occurrences"

Plaintiff's Brief re: Defendants' Outstanding Discovery
1:23-CV-03116-MKD - 1

within a six-month timeframe.  Defendants use occurrences as a points-based system to monitor employee attendance over a six-month period.   In this case, Defendants contend that Plaintiff was terminated pursuant to this attendance policy after reaching exactly five occurrences.  However, the termination was pretext because it came at the heels of Plaintiff's report of sexual harassment in the workplace of other victims, as well as, reporting her supervisor for failure to report it to HR/Ethics.  An investigation was launched into the supervisor and the harasser.

On January 13, 2025, Bates 2639 was produced.  It was an Excel chart consisting of about 3,000 employee names.[1]  But some employee names are on the list multiple times.  In total there appear to be 870 unique names on the chart. On January 15, 2025, Plaintiff counsel followed up with Defendants for guidance on how to interpret the document.  Plaintiff counsel was forced to repeatedly follow up on this document to get any guidance.[2]

On February 12, 2025, the parties met and conferred on Bates 2639.  There are 5 columns: PPE, WIN, Name, Team Name, and Occurrence Count.  Plaintiff

---

[1] Plaintiff does not attach this document as it is marked confidential.

[2] Plaintiff reached out regarding this document again 1/21, 2/4, 2/7, 2/12, 2/18, 2/25, 3/14.

Plaintiff's Brief re: Defendants' Outstanding Discovery
1:23-CV-03116-MKD - 2

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

asked Defendant what "PPE" stands for.[3]   The "Team Name" column has a number of listings of "Terminated Team", which to this day, Defendant still has not been able to tell Plaintiff what this means, although there were some guesses by Defense counsel that were rendered meaningless.  Plaintiff counsel highlighted the information needed to interpret this document, and what Plaintiff now seeks in the present motion, termination date, termination reason, when the 5th (or more point) was accrued.[4]   After the February 12 meet and confer, all Plaintiff knew about the chart was that it reflected employees from 2019 to present who accrued 5 or more points in a rolling six-month period.  Following this meet and confer, in which no answers could be provided, Defendant counsel agreed to go back to his client to get more clarity of this document.

On February 18, 2025, the parties met and conferred on Bates 2639 again. Plaintiff counsel understood the parties to reach an agreement.[5]   Defendant was to provide the termination date, the termination reason, and the date of when the 5th (or more point) was accrued, as well as if the position was hourly or salaried.

---

[3] On March 28, 2025, after continued follow-ups on what "PPE" stands for, Defendant informed Plaintiff that "PPE" stood for "when the most recent accumulation of an occurrence over 5 points was entered."

[4] **Exhibit A** is a recap of the February 12 meet and confer conference.

[5] **Exhibit B** is a recap of the February 18 meet and confer conference.

Plaintiff's Brief re: Defendants' Outstanding Discovery
1:23-CV-03116-MKD - 3

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

On March 12, 2025, Defense counsel wrote that information concerning employees with 5+ occurrences would be contained in the forthcoming supplementation.

On March 14, 2025, Defendants produced another unusable excel sheet that Defendant **unilaterally** limited in scope and time.[6]  Plaintiff counsel requested to meet and confer.

During the March 31, 2025 conference, Plaintiff's counsel expressed her disapproval and frustration that Defense counsel not only unilaterally limited the scope, but did so **after** promising the requested information for months.  The first Excel sheet should have provided the information.  After continuing to follow up, Defense counsel could still not provide the agreed information, and instead, opted to provide another Excel sheet of limited scope Plaintiff did not agree to.[7]

The bottom line is Plaintiff is entitled to the additional information requested from Bates 2639.  This information is relevant to this specific case. Plaintiff seeks what was agreed to: the termination date, the termination reason, and when the 5th (or more point) was accrued as well as if the position was hourly

---

[6] Plaintiff does not attach this document as it is marked confidential but is identified as Bates 3345.

[7] Defendant may argue that determining an employee's termination date and termination reason requires accessing their individual employment file.  But the defendant has provided a separate Excel Chart that lists employees' termination dates and reasons, which does not appear to be sourced directly from each individual file.

Plaintiff's Brief re: Defendants' Outstanding Discovery
1:23-CV-03116-MKD - 4

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

or salaried. Defendant has alleged it terminated Plaintiff for having 5 occurrences. The timeframe of the document is not at issue. That agreement is evident by Defendant producing Bates 2639 that lists employees within that timeframe. The employees listed had 5 or more occurrences who may or may not have been terminated – and if terminated, may or may not have been at the 5th occurrence, or even for any occurrence. A number of employees listed had over 20 occurrences, with the highest number being 67.5. It seems likely that if an employee managed to get 67.5 occurrences, that employee was not fired after 5. If other employees were not terminated at their 5th occurrence that speaks to pretext.

Defendant agreed to this information and now, after months, and numerous conferences, Defendant appears to refuse. Plaintiff has continued to push back depositions to get the relevant documents.[8] Plaintiff requests that the additional information sought for Bates 2269 be produced within the next week. Defendant continues to delay. This is the same gamesmanship Defendant has been utilizing, and Plaintiff requests attorney's fees and/or sanctions.

---

[8] Plaintiff has been trying to schedule depositions since December but has been delayed by Defendant discovery production.

Plaintiff's Brief re: Defendants' Outstanding Discovery
1:23-CV-03116-MKD - 5

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

**DATED** April 4, 2025.

                                          **AKW LAW, P.C.**

                                          */s/ Rolf Gardner Toren*

Ada K. Wong, WSBA #45936
Rolf Gardner Toren, WSBA #58597
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com
E-mail: rolf@akw-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Clarence M. Belnavis
> Stephen M. Scott
> Stephan L. Kendall
> FISHER & PHILLIPS, LLP
> 1700 Seventh Avenue, Suite 220
> Seattle, WA 98101
> Telephone: (206) 682-2308
> Facsimile: (206) 682-7908
> Email: cbelnavis@fisherphillips.com
> Email: smscott@fisherphillips.com
> Email: skendall@fisherphillips.com
> Email: cmcclintock@fisherphillips.com
> Email: slmiller@fisherphillips.com
> Attorneys for Defendants

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED: April 4, 2025, at Seattle, Washington.

*/s/ Kaila A. Stewart*
Kaila A. Stewart, Paralegal

Plaintiff's Brief re: Defendants' Outstanding Discovery
1:23-CV-03116-MKD - 7

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529