Ada Smoke, WSBA #45936
Rolf Gardner Toren, WSBA #58597
AKW LAW, P.C.
10202 5ᵗʰ Ave NE, Suite 200
Seattle, WA 98125
Tel.: (206) 259-1259
Attorneys for Plaintiff Garcia

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA GARCIA,<br><br>           Plaintiff,<br><br>v.<br><br>WALMART, INC. d/b/a WALMART #2269, *et al.*,<br><br>           Defendants. | Case No. 1:23-CV-03116<br><br>**PLAINTIFF'S MOTIONS *IN LIMINE***<br><br>With Oral Argument at Pre-trial Conference: February 18, 2026 |

## I.    <u>INTRODUCTION</u>

Plaintiff Andrea Garcia asks the Court to grant the motions *in limine* set forth below.  "Exclude evidence" is intended to mean "to exclude evidence, testimony, reference, and argument."

//

//

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 1

## II.    LEGAL ARGUMENT

**A.    Legal Standard and Motions *in Limine***

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence to the determination of the action."  FED. R. EVID. 401.  Irrelevant evidence is not admissible and must be excluded.  FED. R. EVID. 402.  In its discretion, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID. 403.

**#1    Exclude non-party witnesses from the courtroom during the trial, even after testifying, if they may be called as a rebuttal witness.**

Pursuant to Evidence Rule 615, the Court should order that fact witnesses be excluded from the courtroom so they cannot hear the testimony of other witnesses, thereby discouraging fabrication or collusion.  *See Taylor v. United States*, 388 F. 2d 786, 788 (9th Cir. 1967); COMMENT TO FED. R. EVID. 615 ("Sequestration of prospective witnesses is a common method of discouraging or preventing collusion and exposing inaccuracies in testimony.").  This anti-collusion reasoning applies with the same force to witnesses who may be called

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 2

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

in rebuttal, once they testify in a party's case-in-chief.

**#2:    Exclude any comments or arguments implying Plaintiff's Counsel's representation influenced Plaintiff to engage in protected activity or file this lawsuit.**

Plaintiff was represented by counsel prior to the filing of this lawsuit. Defendant should not be allowed to suggest or imply, simply on that basis, that any action or omission by Plaintiff was made on the advice of counsel, including but not limited to, Plaintiff's protected activity and Plaintiff's decision to file this lawsuit. Walmart's speculation for engaging in protected activity or filing this lawsuit has no probative value. Any marginal relevance is far negated by the prejudice associated with such speculation. FED. R. EVID. 403. Such comments or arguments should be precluded.

**#3:    Exclude evidence that Walmart treated other employees in Plaintiff's protected class more favorably than her.**

A defendant cannot defend retaliation against one employee by stating they did not retaliate against others of the same protected class. *See Conn. v. Teal*, 457 U.S. 440, 455 (1982); *see also Peters v. Lieuallen*, 693 F.2d 966, 970 (9th Cir. 1982).

Here, allowing Walmart to argue or introduce evidence that Walmart did not retaliate against other employees who reported workplace misconduct, including

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 3

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

sexual harassment and failure to report, would be irrelevant and not probative. FED. R. EVID. 401, 402.  If the evidence was even marginally relevant it would be outweighed by the risk of prejudice and jury confusion.  FED. R. EVID. 403. Therefore, evidence should be excluded that Defendant treated other employees in Plaintiff's protected class more favorably.

**#4:    Exclude Walmart from argument, implication, or presentation of evidence that Plaintiff "failed to avail herself of the policies and procedures adopted by her employer/avoidable consequence doctrine."**

First, Defendant has withdrawn this defense and therefore should not be barred from making this argument.  The assertion that Garcia did not follow policies and procedures is not a Defense to her claims of retaliation.  The *Faragher/Ellerth* defense is available only as to a hostile work environment claim when an employee "unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). The affirmative defense is not available when the supervisor's harassment results in discharge, which is precisely what occurred here.

Further, Plaintiff did avail herself of the policies and procedures.  She

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 4

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

reported the sexual harassment to Assistant Store Manager (ASM) Kristina Escobar. ECF No. 83-1 at 21:18-21, 27:23-28:3; ECF No. 76-3 at 13:3-8. ASM Escobar did not report this to Ethics or conduct any investigation. ECF No. 83-1 at 22:21-25, 29:12-15, 31:1-4. Plaintiff reported the sexual harassment and the failure to report the sexual harassment to Ethics. ECF No. 76-3 at 16:9-11. Plaintiff reported her wrongful termination to Coach Shawn Hernandez. ECF No. 76-01 at 57:16-20, ECF No. 76-7. Plaintiff reported her wrongful termination to Ethics. ECF No. 76-4 at 20:19-21. Finally, Plaintiff reported her wrongful termination to her Store Manager Jandi Jones via Walmart's policies. ECF No. 76-01 at 14:18-24, 26:18-27:11, 29:2-5, 29:19-23, 30:10-16.

Any attempt at presenting evidence that Plaintiff did not avail herself to the policies would be outweighed by the risk of prejudice and jury confusion as Plaintiff complied with the policies. FED. R. EVID. 403.

**#5:    Exclude testimony or conclusory statements that Walmart employees, including Kristina Escobar, do not have discretion to override occurrences.**

Plaintiff anticipates that Walmart may try and elicit testimony or conclusory statements there was no discretion when deciding whether to override an occurrence of an employee.

This testimony or conclusory statements would go against Defendant's own

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 5

Rule 30(b)(6) testimony. Not all associates are terminated for reaching 5 (or more) points in a rolling 6-month period. ECF No. 76-01 at 32:25-33:22, 53:12-54:2. Managers, including Store Manager Jandi Jones and ASM Escobar can override an occurrence point at their discretion, including Garcia's .5 point incurred on April 28, 2022, when the associate does not have enough PPTO to cover the occurrence. ECF No. 76-01 at 34:21-35:23, 36:3-4, 36:14-17, 38:18-39:5, 39:12-40:11, 68:16-24, 69:5-8. Store Manager Jones and ASM Escobar can see the occurrences for associates at any given time. ECF No. 76-01 at 60:23-61:4.

It seems likely based on arguments that Defense Counsel may try to induce testimony or make conclusory statements that ASM Escobar did not have discretion to override occurrences or that this would only happen in the most extreme and rare of circumstances. An attempt to introduce evidence that it was not discretionary for ASM Escobar to override an occurrence would go against established evidence and would be confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403. This is especially true when Defendant's Rule 30(b)(6) testimony unequivocally provides that ASM Escobar could have used her discretion to override the very same .5 occurrence that Plaintiff incurred to reach the 5

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 6

occurrences:

```
Q    If an associate comes to work, gets sick in
the middle of their shift, cannot continue to work,
they are to notify their manager.  Correct?
A    Correct.
Q    Or a manager on the management team.
Correct?
A    Yes.
Q    Because you don't want someone to just leave
without telling anybody.  Right?
A    Correct.
Q    And the manager or supervisor that the
associate notifies could say, yes, you can go home.
Rest up.  Correct?
A    Correct.
Q    Then the associate is at that point allowed
to leave.  Correct?
A    Yes.
Q    And if the associate does not have enough
PPTO, they could incur a 0.5 occurrence?
A    Correct.
Q    And your management team or people partner
could use the discretion to override that occurrence.
Correct?
A    Yes.
```

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 7

AKW LAW, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

ECF No. 76-1 at 39:2-25.

**#6:    Exclude testimony or conclusory statements that Walmart employees <u>are required</u> to terminate at 5 occurrences with no Protected Paid Time Off (PPTO) time.**

Plaintiff anticipates that Walmart may try and elicit testimony or conclusory statements that an employee must be terminated if they have 5 or more occurrences with no PPTO to cover those occurrences.  That is simply untrue based solely on Defendant's Rule 30(b)(6) testimony:

```
24        Q     Okay.  And the person going in to review to
25   drop the occurrence points has discretion on whether
```

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 8

**AKW LAW, P.C.**
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

> or not to drop the occurrence points.  Correct?
>
> A        But there's -- there's got to be consistency.  It's not, oh, I like this person better than this person.  I'm going to go approve all theirs and not approve theirs.  So it -- like, it has to be consistent.  There's always exceptions to taking care of our associates.
>
> Q        Right.
>
> A        So if you were to get in a car accident and instead of you accruing all these attendance points, I'm going to take care of you, and I'm going to approve those absences.  So that's, like, a kind of situation where you have to make a decision based on, like, what you -- like, what's going on with the associate.
>
> Q        Right.  And then your entire management team and people partner is supposed to use their discretion uniformly across the board --
>
> A        Yes.

ECF No. 76-1 at 62:24-63:19.

Furthermore, Defendant's own documents show multiple employees with 5 or more occurrences with no PPTO to cover and were not terminated.  *See* ECF

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 9

No. 74 at 8-11. Plaintiff has continued to request records showing that employees are always terminated at the 5-occurrence mark throughout the course of discovery. Defendant has not produced anything that shows when each occurrence at the 5 or more was incurred and the date of termination and reason for said termination. Defendants claim they simply are unable to produce that data.

Walmart should not be able to refuse to/allege it is unable to produce this evidence, yet argue at trial claim that they always fire employees for reaching 5 or more occurrences with no PPTO to cover.

An attempt to introduce evidence that it was required to terminate at 5 occurrences would be confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403. Especially when Defendant's own testimony is that whether to terminate an employee for their occurrences on a "case by case basis". ECF No. 76-1 at 36:7-17.

**#7:    Exclude testimony or conclusory statements that Walmart <u>always terminates</u> an employee at 5 occurrences with no PPTO time.**

Plaintiff anticipates that Walmart may try and elicit testimony or conclusory statements that an employee is always terminated if they have 5 occurrences with

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 10

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

no PPTO to cover those occurrence. Plaintiff expects this argument will be made that employees are not always terminated in the same time frame but that employee is always fired eventually. That is simply untrue. Plaintiff has produced examples of multiple employees going over the 5-occurrence threshold and not being terminated. *See* ECF No. 74 at 8-11. Plaintiff has further covered this above. *See Supra* 8:2-10:15.

An attempt to introduce evidence that it was required to terminate at 5 occurrences would be confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403.

**#8:    Exclude testimony or conclusory statements that Walmart Store 2269 always terminates an employee at 5 occurrences.**

Plaintiff anticipates that Walmart may try and elicit testimony or conclusory statements that an employee's at Walmart Store 2269 where Plaintiff worked are always terminated if they have 5 occurrences with no PPTO to cover those occurrences. This is not true. *See Supra* 8:2-10:15.

An attempt to introduce evidence that this specific store always terminates at 5 occurrences would be confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403.

//

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 11

**#9:    Exclude testimony or evidence of speculation or possible reasons why Defendant Walmart may not have fired an employee at or over five occurrences without supporting documentation if Walmart's own documents demonstrate the employee continued to be employed by Walmart after their occurrence count was at five or more.**

Plaintiff has pointed to specific example of employees not terminated at 5 occurrences, supported by Walmart's own documents.  It is clear they continued working after Walmart's own system noted that they had 5 or more occurrences. Plaintiff would request the Court exclude any testimony or evidence of speculation, possible reasons, or conclusory statements that Defendant Walmart may not have fired an employee at or over five occurrences without supporting documentation.  An example that could arise would be a claim that the employee may have been on leave during that time.   Plaintiff has had to repeatedly request Court intervention for production of relevant documents. Walmart should be barred from speculating because the information is not contained in a produced document that an employee was not fired for some speculative reason without evidence to support their claim.

An attempt to introduce testimony or evidence of speculation or possible reasons why Defendant Walmart may not have fired an employee at or over five occurrences without supporting documentation would be confusing the issues,

Plaintiff's Motions *in Limine*

(1:23-cv-03116) - 12

**AKW LAW**, **P.C.**
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403.

**#10: Exclude testimony or conclusory statements that ASM Escobar did not have the power to override the last .5 occurrence accrued by Plaintiff.**

The evidence in the record is clear. ASM Escobar had the power to override the .5 occurrence accrued by Plaintiff when Plaintiff requested and received permission from a manager to leave a shift early because she was sick. ECF No. 76-01 at 34:21-35:23, 36:3-4, 36:14-17, 38:18-39:5, 39:12-40:11, 68:16-24, 69:5-8.

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 13

Q     If an associate comes to work, gets sick in the middle of their shift, cannot continue to work, they are to notify their manager.  Correct?

A     Correct.

Q     Or a manager on the management team. Correct?

A     Yes.

Q     Because you don't want someone to just leave without telling anybody.  Right?

A     Correct.

Q     And the manager or supervisor that the associate notifies could say, yes, you can go home. Rest up.  Correct?

A     Correct.

Q     Then the associate is at that point allowed to leave.  Correct?

A     Yes.

Q     And if the associate does not have enough PPTO, they could incur a 0.5 occurrence?

A     Correct.

Q     And your management team or people partner could use the discretion to override that occurrence. Correct?

A     Yes.

An attempt to introduce testimony or conclusory statements that ASM

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 14

Escobar did not have the power to override the last .5 occurrence accrued by Plaintiff would be confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403.

**#11: Exclude evidence, testimony, or argument of Plaintiff's status with Defendant as re-hireable or not re-hireable, or Plaintiff could have re-applied.**

Plaintiff anticipates Defendant may argue that Plaintiff should have re-applied or was eligible for re-hire. However, this has no bearing on the discrimination and retaliation that had already occurred leading to the firing of Plaintiff. It is also not relevant and would be confusing to the jury. FED. R. EVID. 402, 403. An attempt to use this evidence may cause the jury to conclude that retaliation did not occur if Walmart *may* be willing to re-hire the Plaintiff. Whether Plaintiff was subject to retaliation is not impacted by her rehire status. An employer may mark an employee as eligible for rehire but never hire that employee if they were to reapply. That information provides the jury no information which may be useful to them. Therefore, the status of being eligible or ineligible for rehire would be irrelevant and would only confuse the jury if presented.

//

//

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 15

**#12:  Exclude testimony or references to "terminated team" in documents prepared by Defendant Walmart concerning attendance.**

The phrase "terminated team" is listed on documents provided by Defendant.  Both Store Manager Jones and ASM Escobar, both serving as Rule 30(b)(6) representatives, testified that they did not know what that meant.  Store Manager Jones when asked testified as follows:

```
 5        Q     Column D is what I'm unsure about.  My
 6   understanding is that terminated team means that this
 7   associate, at the point that this Excel sheet was ran,
 8   I believe, this year in 2025, they're no longer
 9   employed by Walmart.  Is that your understanding?
10        A     I have -- I've never seen that before.
11        Q     Okay.
12        A     Terminated team.
13        Q     All right.  So you're unable to tell us what
14   column D would represent.  Correct?
15        A     Correct.
```

30(b)(6) Deposition of Jandi Jones, 167:5-15 (Exhibit A to the Declaration of Ada Smoke "Smoke Decl.").

Similarly, ASM Escobar also testified that she did not know the meaning:

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 16

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

```
18      Q     And then team name, we have a couple
19  different variations here.  Terminated team.  Do you
20  see that?
21      A     Yes.
22      Q     Do you know what that means?
23      A     No.
```

30(b)(6) Deposition of Kristina Escobar, 117:18-23 (Exhibit B to Smoke Decl.). Furthermore, defense counsel has also confirmed that "terminated team" does not mean the employee was fired/terminated by Walmart, just that at the time of the production of the documents in litigation, that employee is no longer an employee of Walmart.

The term being used or referenced would only confuse the jury or make the jury conclude that said employees were fired/terminated by Walmart, when that is not the case and is confirmed by the witnesses and defense counsel. Therefore, that term would unfairly prejudice the jury, confuse the issues, mislead the jury, and waste time. FED. R. EVID. 403.

**#13:  Exclude evidence, testimony, or argument from Defendant that Plaintiff failed to mitigate emotional damages.**

This Court dismissed Defendant's affirmative defense that Plaintiff failed to mitigate her emotional damages.  ECF No. 109 at 26:13-28:3.  Defendant argued

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 17

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

in their response to Plaintiff's Motion for Summary Judgment that "Plaintiff did not seek mental health treatment for her alleged harassing and retaliatory experiences at a subsequent employer."  ECF No. 87 at 16:9-12.  Plaintiff is concerned that Defendant may make the same argument during trial.  Defendant should be barred from any evidence, testimony, or argument that seeks to apply this argument or standard that Plaintiff was required to mitigate her emotional damages.

**#14:  Exclude evidence, testimony, or argument regarding Plaintiff's wages, benefits, reasons for separation, and performance with previous and post employers.**

This Court should generally exclude evidence, questioning, and argument relating to Plaintiff's employment prior to Walmart.  Such evidence is not relevant to her employment with Walmart and could cause prejudice or confusion for the jury, and would constitute inadmissible character evidence or evidence of past acts. FED. R. EVID.  401, 402, 403, 404.  Further, Plaintiff does not seek economic damages as part of her recovery.  Because Plaintiff does not seek economic damages, any references to post employment could cause prejudice or confusion for the jury, and would constitute inadmissible character evidence.  FED. R. EVID. 401, 402, 403, 404. Finally, Defendant does not allege that Defendant fired for any

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 18

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

performance issues, only attendance.  Therefore, any potential performance issues related to previous and post employers would only confuse the jury, waste time, and would constitute inadmissible character evidence.  FED. R. EVID.  401, 402, 403, 404.

**#15:  Exclude reference to dismissed or abandoned claims or parties.**

The dismissal or abandonment of claims or parties does not tend to make a fact more or less probable than it would be without the evidence.  *See* FED. R. EVID. 401, 402.  Any dismissed parties or abandoned claims at the summary judgment or trial stage should not be referenced so as not to unfairly prejudice the jury, confuse the issues, mislead the jury, and waste time.  FED. R. EVID. 403.

**#16: Exclude witnesses from repeating alleged statements of Plaintiff Andrea Garcia without personal knowledge.**

Any attempts by Walmart's witnesses to testify regarding statements allegedly made by Garcia, without personal knowledge of the alleged statements, should be precluded as inadmissible hearsay.  FED. R. EVID. 801; 802.  "[T]he proponent of a party admission must show that the out-of-court declarant had personal knowledge of the substance of his statement." *Jackson v. Fed. Express*, CV1001760MMMCWX, 2011 WL 13267994, at *3 (C.D. Cal. June 16, 2011) (citing FED. R. EVID. 803).  The party admission exemption does not render "office or plant

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 19

gossip . . . admissible simply because it is put into the mouth of someone whose statements are not subject to hearsay objection." *Thomas v. Stone Container Corp.*, 922 F. Supp. 950, 957 (S.D.N.Y. 1996) (citations omitted).  Such third-hand testimony by Walmart witnesses should be precluded where the witness lacks personal knowledge of the statements.  Statements Defendant may allege could include that Plaintiff did not have permission to leave when she accrued her last .5 occurrence, that Plaintiff did not contest she was fired, or that did not report any misconduct.  All of which are untrue as shown by undeniable evidence. Allowing Defendant to argue or attempt to make conclusory statement otherwise is a violation of FED. R. EVID. 801-803, confuse the jury, waste time, and prejudice the jury.  FED. R. EVID. 403.

**#17:  Exclude evidence or testimony from witnesses of which they have no personal knowledge.**

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FED. R. EVID. 606.  An example that may arise is a witness testifying why an employee may or may not have been fired without evidence.  If that witness has no personal knowledge and are speculating, they must be barred from that testimony. Otherwise, it runs afoul FED. R. EVID. 606, cause prejudice, waste time, and

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 20

prejudice the jury.  FED. R. EVID. 403.

## III.    CONCLUSION & PROPOSED ORDER

For these reasons, Garcia respectfully requests that Plaintiff's Motions *in Limine* be granted in their entirety.  A proposed order seeking the relief requested is attached.

**DATED** January 12, 2026.

**AKW LAW, P.C.**

*/s/ Ada Smoke*
Ada Smoke, WSBA #45936
Rolf Gardner Toren, WSBA #58597
Attorneys for Plaintiff Garcia
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com
E-mail: rolf@akw-law.com

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 21

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Clarence M. Belnavis
> Stephen M. Scott
> Stephan L. Kendall
> FISHER & PHILLIPS, LLP
> 560 S.W. Tenth Avenue, Suite 450
> Portland, OR 97205
> Tel.: (503) 205-8060
> Facsimile: (503) 242-4263
> Email: cbelnavis@fisherphillips.com
> Email: smscott@fisherphillips.com
> Email: skendall@fisherphillips.com
> Email: cmcclintock@fisherphillips.com
> Email: spolk@fisherphillips.com
> *Attorneys for Defendant*

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED: January 12, 2026, at Seattle, Washington.

/s/ *Tara L. Peterson*
Tara L. Peterson, Paralegal

Plaintiff's Motions *in Limine*
(1:23-cv-03116) - 22

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529