Ada Smoke, WSBA #45936
Rolf Gardner Toren, WSBA #58597
AKW LAW, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel.: (206) 259-1259
Attorneys for Plaintiff Garcia

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ANDREA GARCIA,

                Plaintiff,

v.

WALMART, INC. d/b/a WALMART #2269, *et al.*,

                Defendant.

Case No. 1:23-cv-03116

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST (ECF No. 114)**

**With Oral Argument at Pre-trial Conference: February 18, 2026**

      Pursuant to the Court's Fourth Jury Trial Scheduling Order (ECF No.108), Plaintiff Andrea Garcia hereby submits the following objections to Defendant's Exhibit List (ECF No. 114).

//

//

//

Plaintiff's Objections to Defendant's Exhibit List (ECF No. 114) - 1
Case No. 1:23-cv-03116

**AKW LAW, P.C.**
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

Plaintiff objects to the admissibility of these documents:

- **Ex. No. 1002**

Plaintiff objects that that exhibit 1002 presented by Defendant is not the most up to date policy provided by Defendant.  Plaintiff Exhibit 23 presents an Open Door Communication Management Guidelines Document that was last modified on February 1, 2021 and therefore would be the most relevant given Plaintiff reported sexual harassment and ASM Escobar's failure to report in March 2022.

- **Ex. No. 1005**

This exhibit is for Walmart's Paid Sick Leave Policy.  Paid sick leave is not relevant to the current case and the policy would just confuse the jury.  FRE 402, 403.  Defendant likely seeks to use this policy to imply that permission from a manager is not enough for the occurrence point to be reduced.  But that is incorrect based on Defendant's 30(b)(6) testimony.  ECF No. 76-01 at 34:21-35:23, 36:3-4, 36:14-17, 38:18-39:5, 39:12-40:11, 68:16-24, 69:5-8.  This policy would prejudice and confuse the issue when Plaintiff makes no claim she was eligible for paid leave nor do any defense implicated this policy.  FRE 402, 403.

//

Plaintiff's Objections to Defendant's Exhibit List (ECF No. 114) - 2
Case No. 1:23-cv-03116

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

- **Ex. No. 1006**

Plaintiff's exhibit 99 is a more legible version of this same policy. Defendant's proposed exhibit has words cut off and is less clear.

- **Ex. No. 1008**

Asset Protection Associate is not a position description that is relevant to this case and would only confuse a juror.  FRE 402, 403.  Plaintiff nor those decision makers held this role such that the position description would be needed.  FRE 402, 403.

- **Ex. No. 1013**

The "Walmart Discrimination & Harassment Policy – California" would only confuse the juror and be a waste of time as it is a California policy and this case occurred in Washington State.  FRE 402, 403.  The more relevant policy would be the Global Discrimination and Harassment Policy which is Plaintiff's Exhibit No. 98.

- **Ex. No. 1014**

This document contains irrelevant, prejudicial information and would only confuse a juror. FRE 402, 403. This "onboarding documents" includes no relevant information about the case.  The irrelevant and prejudicial information includes a

Plaintiff's Objections to Defendant's Exhibit
List (ECF No. 114) - 3
Case No. 1:23-cv-03116

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

position description that Plaintiff did not hold, education level, prior employment, and the last four digits of the Plaintiff's social security number.   There is not one piece of relevant information contained in the documents that would help the jury, and this would be a waste of time and has no bearing on the facts or claims of this case.  FRE 402, 403.

- **Ex. No. 1016**

This exhibit is the same as exhibit 1117 with two pages missing.  Exhibit 1116 is duplicative and should be denied.   FRE 402, 403.

- **Ex. No. 1024**

This email is confusing for the jury as it adds no substance beyond an email about the investigation that both parties agreed took place after Plaintiff's second report.  FRE 402, 403.

- **Ex. No. 1043**

This exhibit is not relevant as Plaintiff is not seeking economic damages so post Walmart offers of employment would only prejudice or confuse the jury and waste time.  FRE 402, 403; *see also* ECF No. 110 at 18:8-19:4 (Plaintiff's Motions in Limine).

- **Ex. No. 1044**

Plaintiff's Objections to Defendant's Exhibit List (ECF No. 114) - 4
Case No. 1:23-cv-03116

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

This cherry picking of highly prejudicial medical records by Defendant would prejudice the jury, confuse the issue, and be a waste of time. FRE 402, 403. Likely, Defendant will try to use these records to wrongfully insinuate that Plaintiff had other factors that cause emotional distress or that Plaintiff had conflict with a different employer.  Both are irrelevant and extremely prejudicial.  FRE 402, 403, *see also* ECF No. 110 at 18:8-19:4 (Plaintiff's Motions in Limine).

- **Ex. No. 1045**

This exhibit is irrelevant as it does not demonstrate the policies that were used specifically for the store at issue in this case.  For example, the testimony from the Rule 30(b)(6) deponent, Store Manager Jandi Jones, was that a manager could give prior approval for leave and override an occurrence.  ECF No. 76-01 at 34:21-35:23, 36:3-4, 36:14-17, 38:18-39:5, 39:12-40:11, 68:16-24, 69:5-8. Allowing Defendant to use this exhibit to confuse the jury and jump to conclusions that are not true based on Defendant's' own testimony is highly prejudicial, confusing, and irrelevant. FRE 402, 403.

- **Ex. No. 1055**

This exhibit contains a lot of irrelevant information, such as reason code, source code, pay dates, expiration dates, effective dates, base pay, possible

Plaintiff's Objections to Defendant's Exhibit
List (ECF No. 114) - 5
Case No. 1:23-cv-03116

**AKW LAW, P.C.**
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

employment history, etc.  None of these are relevant and will only serve to confuse the jury and be a waste of time.  FRE 402, 403.

- **Ex. No. 1056**

Defendant should not be able to wholesale introduce Plaintiff's answers.  This exhibit also references other documents.  This exhibit also contains legal objections and irrelevant information, including but not limited to the calculation of damages at that stage in time, and the waiver of economic damages and wage loss (which should not be referenced during the trial as Plaintiff is not seeking such).  FRE 402, 403.  Further, Plaintiff does not contend that she had enough Protected PTO.  Plaintiff admitted as such in a later Request for Admission from Defendant.  The parties agree that Plaintiff reached 5 points.  ECF No. 97 at 4:16.  The information contained in this document would only confuse the jury on issues not relevant including expert witnesses and economic damages and should be excluded.  FRE 402, 403.

- **Ex. No. 1058**

The Court has dismissed Plaintiff's claims on failure to train.  ECF No. 109 at 20.  The training history of Samantha Decker is irrelevant and a waste of time that would only confuse the jury.  FRE 402, 403.

Plaintiff's Objections to Defendant's Exhibit List (ECF No. 114) - 6
Case No. 1:23-cv-03116

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

- **Ex. No. 1059**

The Court has dismissed Plaintiff's claims on failure to train.  ECF No. 109 at 20.  The training history of Michael Martin is irrelevant and a waste of time that would only confuse the jury.  FRE 402, 403.

- **Ex. No. 1060**

This exhibit is irrelevant and a waste of time.  Plaintiff does not dispute that she was at 5 occurrences when she was terminated.  FRE 402, 403.  A blurry picture will not help the jury.  FRE 402, 403.

**DATED** January 20, 2026.

                                        **AKW LAW, P.C.**


                                        _/s/ Ada Smoke_
                                        Ada Smoke, WSBA #45936
                                        Rolf Gardner Toren, WSBA #58597
                                        10202 5th Ave NE, Suite 200
                                        Seattle, WA 98125
                                        Tel.: (206) 259-1259
                                        Fax: (855) 925-9529
                                        E-mail: ada@akw-law.com
                                        E-mail: rolf@akw-law.com

Plaintiff's Objections to Defendant's Exhibit
List (ECF No. 114) - 7
Case No. 1:23-cv-03116

**AKW LAW**, **P.C.**
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Clarence M. Belnavis
> Stephen M. Scott
> Stephan L. Kendall
> FISHER & PHILLIPS, LLP
> 560 S.W. Tenth Avenue, Suite 450
> Portland, OR 97205
> Tel.: (503) 205-8060
> Facsimile: (503) 242-4263
> Email: cbelnavis@fisherphillips.com
> Email: smscott@fisherphillips.com
> Email: skendall@fisherphillips.com
> Email: cmcclintock@fisherphillips.com
> Email: spolk@fisherphillips.com
> *Attorneys for Defendant*

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED: January 20, 2026, at Seattle, Washington.

/s/ Tara L. Peterson
Tara L. Peterson, Paralegal

Plaintiff's Objections to Defendant's Exhibit
List (ECF No. 114) - 8
Case No. 1:23-cv-03116

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529