FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 25, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA GARCIA,<br><br>                    Plaintiff,<br><br>        v.<br><br>WALMART, INC, WAL-MART ASSOCIATES, INC,<br><br>                    Defendants. | No. 1:23-CV-03116-MKD<br><br>ORDER APPLYING STATUTORY DAMAGES CAP |

The jury returned a verdict in favor of Plaintiff and against Defendants on Plaintiff's Title VII retaliation claim, awarding Plaintiff $500,000 in compensatory damages and $22,500,000 in punitive damages.  ECF No. 203.

Under 42 U.S.C. § 1981a(b)(3), compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, together with punitive damages, are subject to a statutory cap. For an employer with more than 500 employees, as here, the maximum recoverable amount for those combined compensatory and punitive damages is $300,000.  42 U.S.C. § 1981a(b)(3)(D).

Federal law also provides that the jury is not to be informed of this statutory limitation.  42 U.S.C. § 1981a(c)(2).  Accordingly, the jury properly returned its verdict without being instructed about the damages cap.  After the verdict, however, the Court must apply the cap before entering judgment.

Because Plaintiff's Title VII retaliation claim was the only claim submitted to the jury, and because the damages awarded by the jury consist of compensatory nonpecuniary damages and punitive damages subject to 42 U.S.C. § 1981a(b)(3), the Court must reduce the recoverable damages to the statutory maximum of $300,000.  The Court recognizes the jury's verdict and the seriousness of the findings reflected in that verdict.  Nevertheless, the Court is required to apply the damages limitation Congress enacted for Title VII claims.

Accordingly, judgment will be entered in favor of Plaintiff and against Defendants in the amount of $300,000, plus post-judgment interest pursuant to 28 U.S.C. § 1961 and costs as taxed.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED June 25, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE