FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 23, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., d/b/a WALMART #2269, WAL-MART ASSOCIATES, INC,<br><br>Defendants. | No. 1:23-CV-03116-MKD<br><br>ORDER DENYING DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW<br><br>**ECF No. 225** |

Before the Court is Defendants' Renewed Motion for Judgment as a Matter of Law. ECF No. 225. Ada Smoke and Rolf Gardner Toren represent Plaintiff. Clarence Belnavis, Stephan Kendall, and Stephen Scott represent Defendants. The Court has reviewed the motion and record and is fully informed. For the reasons explained below, the Court denies the motion.

## BACKGROUND

Because the parties are familiar with the facts of the case, the Court does not recount them here. The Court conducted a jury trial from June 10, 2026, to June

16, 2026. The sole claim submitted to the jury was Plaintiff's claim that Defendants terminated her in retaliation for reporting sexual harassment and her supervisor's alleged failure to report that harassment, in violation of Title VII. The jury returned a verdict for Plaintiff. Defendants now renew their motion for judgment as a matter of law, arguing that the evidence was insufficient to establish that Plaintiff's protected activity was a but-for cause of her termination.

## LEGAL STANDARD

On a motion for judgment as a matter of law under Fed. R. Civ. P. 50(b), the Court looks to "whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016) (simplified); *see also E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (on a Rule 50 motion, the Court "must view the evidence in the light most favorable to the nonmoving party … and draw all reasonable inferences in that party's favor") (simplified). The Court may not make credibility determinations or weigh the evidence. *See Estate of Diaz*, 840 F.3d at 604; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th

Cir. 2002).

## DISCUSSION

Title VII's antiretaliation provision makes it unlawful for an employer to discriminate against an employee because she "has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e-3(a). Plaintiff was therefore required to prove that her protected activity was a but-for cause of her termination. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).

Defendants challenge only the jury's causation finding. They acknowledge that the evidence permitted the jury to find that Assistant Manager Kristina Escobar knew of Plaintiff's Ethics report and later terminated Plaintiff. ECF No. 236 at 2. Defendants also acknowledge that Emily Gonzalez's testimony concerning Escobar's handling of her attendance points must be credited under the Rule 50 standard. ECF No. 234 at 15. They contend, however, that the evidence did not permit the jury to find that Plaintiff's protected activity was a but-for cause of her termination. *Id.* at 17-18. The trial record permitted that finding.

Investigator Michael Martin testified that he told Escobar the investigation concerned workplace sexual harassment and that, from what he recalled, he also told Escobar that it concerned her alleged failure to report Plaintiff's complaint. ECF No. 235-1 at 3:3-11. Escobar subsequently facilitated Plaintiff's May 2, 2022, Ethics interview and terminated Plaintiff seven days later. ECF No. 230 at

217:4-25, 218:10-15. The jury also heard that failing to report sexual harassment was a potentially fireable offense. *Id.* at 49:15-22. This evidence permitted the jury to find that Escobar knew Plaintiff had accused her of misconduct, had a reason to retaliate, and terminated Plaintiff shortly after Plaintiff participated in the investigation. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1113 (9th Cir. 2003) (concluding that circumstantial evidence permitted an inference that the supervisor knew or suspected the plaintiff had reported harassment and retaliated in response).

The attendance evidence supplied additional support for that finding. Plaintiff accepted the first 4.5 occurrence points and disputed only the final half-point. ECF No. 231 at 139:18-23. Plaintiff testified that she told Escobar she had left early because she was sick and had received Walter Garcia's permission to leave. *Id.* at 95:11-96:12. According to Plaintiff, Escobar said she would investigate the issue and later terminated her without resolving it. *Id.* at 98:7-14, 101:5-13.

Even accepting Defendants' distinction between Walter Garcia's permission to leave and a manager's authority to remove the resulting point, Escobar retained authority over the attendance decision. She acknowledged that she could approve an early departure for illness, possessed discretion to remove even an unauthorized occurrence, and had exercised that discretion before. ECF No. 230 at 222:24-

224:6. Escobar further testified that, under the circumstances Plaintiff described, she could have approved the final half-point and reduced it to zero. *Id.* at 255:8-256:2. The jury could therefore find that Plaintiff's termination resulted from Escobar's discretionary treatment of the disputed half-point rather than an invariable application of Defendants' attendance policy. *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1127 (9th Cir. 2000) (explaining that pretext may be established indirectly by showing that the employer's stated explanation lacks credibility).

The jury also heard evidence concerning Escobar's treatment of Emily Gonzalez, another Walmar employee. Gonzalez held the same position as Plaintiff, reported to Escobar, and had six occurrence points during the overnight shift in which Plaintiff was terminated. ECF No. 231 at 14:19-15:7, 18:7-19:16. Gonzalez remained employed. She testified that she confirmed to Escobar that she had not called the store and lacked sufficient protected time. *Id.* at 34:9-35:13. Gonzalez also testified that Escobar later instructed her to say that she had called, characterize the problem as a system error, and adhere to that explanation so Escobar could remove the points. *Id.* at 20:23-21:14. Whether employees are similarly situated is "ordinarily a question of fact" and turns on whether their circumstances are "similar in all material respects." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010) (citation modified).

Defendants emphasize that Gonzalez initially believed she had called and that her attendance balance required review. ECF No. 234 at 15-16. But Gonzalez testified that she confirmed to Escobar that she had not called before Escobar supplied the explanation used to remove the points. The jury was entitled to credit that testimony and find that Escobar exercised her discretion to preserve Gonzalez's employment while declining to approve Plaintiff's disputed half-point. *See Dees v. Cnty. of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020) ("The district court may not weigh evidence or make credibility determinations when reviewing a motion for judgment as a matter of law.") (citation omitted). That evidence also permitted the jury to find that Defendants' attendance explanation lacked credibility and infer that retaliation motivated the termination. *See Flores v. City of Westminster*, 873 F.3d 739, 750 (9th Cir. 2017) (affirming the denial of a renewed motion for judgment as a matter of law on an FEHA retaliation claim where inconsistent application of workplace policies supported an inference of retaliation), *abrogated on other grounds by Yoshikawa v. Seguirant*, 74 F.4th 1042 (9th Cir. 2023) (en banc).

Defendants' reliance on *Kama v. Mayorkas*, 107 F.4th 1054 (9th Cir. 2024), is misplaced. *Kama* involved a 56-day period between the protected activity and termination, and the same timing supported an independent explanation for the termination. *Id.* at 1060-62. By contrast, seven days separated Plaintiff's Ethics

interview from her termination. The timing was accompanied by evidence of Escobar's knowledge and potential motive, her discretion over the decisive half-point, and her treatment of Gonzalez. The attendance explanation was itself disputed because the jury could find that Escobar's treatment of the final half-point was the means through which retaliation affected the termination decision.

Taken together, the evidence permitted the jury to find that Plaintiff would have remained employed absent her protected activity. Defendants offer a competing interpretation of the record, but the Court may not replace the jury's reasonable inference with Defendants' preferred inference. *See Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1287 (9th Cir. 2001) ("When two sets of inferences find support in the record, the inferences that support the jury's verdict of course win the day."). Because substantial evidence supports the verdict, Defendants are not entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated above, the Court denies Defendants' motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Renewed Motion for Judgment as a Matter of Law, **ECF No. 225**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

DATED September 23, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE